IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PEARL A. HELSEL,                      )
                                      )
                Plaintiff,            )
                                      )
        v.                            )  Civil Action No. 09-110J
                                      )
MICHAEL J. ASTRUE,                    )
COMMISSIONER OF                       )
SOCIAL SECURITY,                      )
                                      )
                Defendant.            )

### MEMORANDUM JUDGMENT ORDER

AND NOW, this _22nd_ day of June, 2010, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 13) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 11) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Importantly, where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently. <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending applications[1] for disability insurance benefits and supplemental security income on April 14, 2006, alleging a disability onset date of May 23, 2005, due to depression, anxiety and flashbacks. Plaintiff's applications were denied initially. At plaintiff's request an ALJ held a hearing on October 16, 2007, at which plaintiff, represented by counsel, appeared and testified. On January 7, 2008, the ALJ issued a decision finding that plaintiff is not disabled. On February 24, 2009, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 48 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §§404.1563(c) and 416.963(c). She has a high school equivalent education. Plaintiff has past relevant work experience as a candy packer, clothes sorter, deli worker, laundry attendant and seafood and meat packer, but she has not engaged in any substantial gainful activity since her alleged onset date.

---

[1] For purposes of plaintiff's Title II application, the ALJ found that plaintiff met the disability insured status requirements of the Act on her alleged onset date and has acquired sufficient quarters of coverage to remain insured through December 31, 2008.

AO 72
(Rev. 8/82)

After reviewing plaintiff's medical records and hearing testimony from plaintiff, plaintiff's husband and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of major depressive disorder, panic disorder with agoraphobia and alcohol abuse, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to perform work at all physical exertional levels but with certain restrictions recognizing the limiting effects of her mental impairments. (R. 15). Relying on the testimony of a vocational expert, the ALJ concluded that plaintiff is capable of performing her past relevant work of candy packer and deli worker in light of her age, education, work experience and residual functional capacity.[2] Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

---

[2] The vocational expert also identified numerous other jobs which an individual of plaintiff's age, education, work experience and residual functional capacity could perform, including laundry labeler, third-shift custodian and stacker. As a result, the ALJ alternatively found that plaintiff also is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy.

AO 72
(Rev. 8/82)

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(1)(B) and 1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[3] for determining whether a claimant is under a disability. 20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

---

[3] The ALJ must determine in sequence: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920. In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §§404.1520a and 416.920a.

AO 72
(Rev. 8/82)

Here, plaintiff raises numerous challenges to the ALJ's findings: (1) the ALJ erred at step 2 by finding several of plaintiff's impairments to be not severe; (2) the ALJ erred at step 3 by finding that plaintiff's mental impairments do not meet the criteria of any of the listed impairments; (3) the ALJ improperly evaluated the medical evidence by giving no weight to a state welfare report from a psychiatric nurse practitioner indicating that plaintiff was temporarily disabled; (4) the ALJ erred by relying upon plaintiff's sporadic activities in finding that plaintiff retains the residual functional capacity to perform work at any exertional level with no physical limitations; and, (5) in assessing plaintiff's residual functional capacity the ALJ failed to consider all of plaintiff's impairments, both severe and not severe, in combination. Upon review, the court finds that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

Plaintiff first challenges the ALJ's step 2 finding that none of the physical impairments for which plaintiff was treated over the years, including gastroesophageal reflux disease, benign breast lumpectomy, colonic polyps, hiatal hernia and hemorrhoids, are severe impairments.

At step two, the ALJ must determine whether a claimant's impairments are severe as defined by the Act. 20 C.F.R. §§404.1520 and 416.920. "[An] impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20

AO 72
(Rev. 8/82)

C.F.R. §§404.1521(a) and 416.920(a). The step two inquiry is a de minimus screening device and, if the evidence presents more than a slight abnormality, the step two requirement of severity is met and the sequential evaluation process should continue. Newell, 347 F.3d at 546.

Although "[r]easonable doubts on severity are to be resolved in favor of the claimant," Newell, 347 F.3d at 547, the ALJ concluded in this case that the foregoing physical impairments "cause no more than minimally vocationally relevant limitations," (R. 14), and, therefore, are not severe impairments. The medical evidence supports this conclusion and plaintiff has not pointed to anything in the record which would support a contrary determination.

It also is important to note that the ALJ did not deny plaintiff's claim for benefits at step 2. Instead, he considered the impact of all of plaintiff's medically determinable impairments, severe and not severe, on plaintiff's residual functional capacity and found plaintiff not disabled at step 4. Accordingly, the ALJ's finding that plaintiff's physical impairments are not severe not only is supported by substantial evidence but also had no effect on the ultimate determination of non-disability. Cf., McCrea v. Commissioner of Social Security, 370 F.3d 357, 360-61 (3rd Cir. 2004) (the Commissioner's determination to deny an applicant's request for benefits at step 2 "should be reviewed with close scrutiny" because step 2 "is to be rarely utilized as a basis for the denial of benefits".)

Plaintiff also alleges that the ALJ erred at step 2 by not addressing plaintiff's diagnosis of post-traumatic stress disorder ("PTSD") or making a severity determination in regard to that diagnosis. However, the ALJ did reference PTSD in his decision. (R. 16-17). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). Accordingly, a mere diagnosis is insufficient to support a finding of disability.

Here, the ALJ considered plaintiff's mental conditions and impairments as a whole, including the severe impairments of major depressive disorder and panic disorder with agoraphobia, and, to the extent those impairments impact plaintiff's ability to work, the ALJ accommodated them in his residual functional capacity finding. (R. 14-18). Plaintiff has not suggested any additional restrictions arising from PTSD that would be more limiting than those already accounted for in the ALJ's residual functional capacity finding. The court is satisfied that the ALJ's analysis of plaintiff's mental disorders is supported by substantial evidence.

Likewise, the court is satisfied that the ALJ's step 3 finding is supported by substantial evidence. At step 3, the ALJ must determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119

(3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education, or work experience, from performing any gainful activity. Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000); 20 C.F.R. §§404.1520(d) and 416.920(d). "If the impairment is equivalent to a listed impairment then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

Here, as required, the ALJ identified the relevant listed impairments that compare with plaintiff's mental impairments (Listings 12.04, 12.06 and 12.09) and adequately explained why plaintiff's impairments do not meet or equal the severity of any of those listed impairments. (R. 14-15); see Burnett, 220 F.3d at 120, n.2. In particular, the ALJ found that plaintiff failed to meet either the "B" or the "C" criteria of any of those listings and adequately explained the basis for that finding in the decision. (Id.). As the required level of severity is met only when the requirements in both A and B of the listings are satisfied, or when the "C" criteria of those listings are met, the ALJ correctly concluded that plaintiff does not meet any of those listings. The ALJ's findings are supported by substantial evidence as outlined in the decision.

Moreover, plaintiff has failed to meet her burden of presenting any medical findings to either the ALJ or to this court showing that her impairments meet or equal any listed impairment. See Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992). Instead, plaintiff summarily states that the ALJ erred in finding

that she failed to meet a listing without pointing to any evidence in the record that would support such a finding and, in fact, the medical evidence of record does not support a finding that plaintiff meets or equals any listing. Accordingly, the court finds plaintiff's step 3 argument to be without merit.

Plaintiff's remaining arguments all relate to the ALJ's finding of not disabled at step 4 of the sequential evaluation process. At step 4, the ALJ is required to consider whether the claimant retains the residual functional capacity to perform her past relevant work. 20 C.F.R. §§404.1520(e) and 416.920(e). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §§404.1545(a) and 416.945(a); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §§404.1545(a) and 416.945(a).

Here, the ALJ found that plaintiff retains the residual functional capacity to perform work at any exertional level but with numerous restrictions arising from her mental impairments. The ALJ then compared plaintiff's residual functional capacity with the mental demands of plaintiff's past relevant work as a candy packer and deli worker, and concluded that plaintiff retains the ability to perform both of those positions as they generally are performed. (R. 18).

AO 72
(Rev. 8/82)

Plaintiff alleges that in rendering his residual functional capacity finding the ALJ erred in evaluating the medical evidence. Specifically, plaintiff alleges that the ALJ erred in giving no weight to a medical form completed by plaintiff's certified nurse practitioner, Elizabeth Kline, in December of 2005 indicating that plaintiff was "temporarily disabled." (R. 154). The court finds no error in the ALJ's decision to give this form report no probative weight.

Initially, Ms. Kline's determination that plaintiff is "temporarily disabled" was rendered on a state welfare employability form. However, the Commissioner is to make disability determinations based on social security law and therefore an opinion from a medical source that an individual is disabled based on state welfare rules is not binding on the issue of disability under the social security regulations. See 20 C.F.R. §§404.1504 and 416.904. In addition, as the ALJ correctly emphasized, the ultimate determination of disability under the social security regulations is for the Commissioner and the opinion of any medical source[4] on that determination never is entitled to special significance. 20 C.F.R. §§404.1527(e) and 416.927(e); SSR 96-5p.

---

[4] There is some confusion in the record as to whether plaintiff's treating physician, Dr. Antonowicz, signed off on the welfare form at issue. Another signature is present on the form but it is illegible. In any event, whether Ms. Kline's opinion of temporary disability was shared by Dr. Antonowicz is irrelevant, as not even a treating physician's opinion on the ultimate issue of disability is entitled to any special significance. 20 C.F.R. §§404.1527(e) and 416.927(e); SSR 96-5p.

Second, disability under the Act requires the inability to engage in substantial gainful activity by reason of an impairment "which can be expected to last for a <u>continuous</u> period of <u>at least twelve months</u>." 42 U.S.C. §1382c(a)(3)(A). (emphasis added). Here, Ms. Kline noted on the welfare form only that plaintiff was "temporarily disabled - less than 12 months". (R. 154).

Finally, any suggestion that plaintiff is permanently disabled simply is not supported by the medical evidence, as discussed by the ALJ in his decision. (R. 18). The ALJ did a thorough job in his decision in setting forth the relevant medical evidence and explaining why he gave no probative weight to the report at issue. The court has reviewed the ALJ's decision and the record as a whole and is convinced that the ALJ's evaluation of the medical evidence is supported by substantial evidence in the record.

The court also is satisfied that the ALJ properly evaluated plaintiff's subjective complaints of pain and limitations in accordance with the regulations in arriving at his residual functional capacity finding.[5] In assessing plaintiff's credibility, the ALJ considered plaintiff's subjective complaints, but <u>also</u> considered those complaints in light of the medical

---

[5] Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §§404.1529(c) and 416.929(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. <u>Schaudeck v. Commissioner of Social Security</u>, 181 F.3d 429, 433 (3d Cir. 1999); <u>see also</u> SSR 96-7p.

evidence, plaintiff's treatment history and all of the other evidence of record. In doing so, the ALJ found plaintiff's subjective complaints of pain and limitations inconsistent with the totality of the circumstances. (R. 17). The ALJ thoroughly explained his credibility finding in his decision and that finding is supported by substantial evidence.

Moreover, while it is true, as plaintiff now asserts, that sporadic and transitory activities cannot be used to show an ability to engage in substantial gainful activity, see Fargnoli, 247 F.3d at 40, n.5, the ALJ did not do so here. Instead, in determining plaintiff's residual functional capacity, the ALJ properly considered plaintiff's allegations in light of her activities of daily living, as well as her treatment history and the absence of clinical and objective findings supporting plaintiff's allegations of totally debilitating symptoms.

In making his credibility finding the ALJ adhered to the standards set forth in 20 C.F.R. §§404.1529(c) and 416.929(c) and SSR 96-7p and adequately explained the basis for his credibility determination in his decision. The court is satisfied that the ALJ's credibility determination is supported by substantial evidence in the record.

Finally, to the extent plaintiff argues that the ALJ failed to consider the combined effects of all of plaintiff's medical conditions, both severe and non-severe, in assessing plaintiff's residual functional capacity, the record also fails to support that position. The ALJ specifically noted in his decision that

he considered all of plaintiff's impairments in combination and his residual functional capacity finding demonstrates that he did just that. (R. 15-18). The court is satisfied that the ALJ took into consideration all of the medically supportable limitations arising from all of plaintiff's impairments, both severe and not severe, in combination, and that the ALJ's assessment is supported by substantial evidence.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc:  J. Kirk Kling, Esq.
     630 Pleasant Valley Boulevard, Suite B
     Altoona, PA 16602

     John J. Valkovci, Jr.
     Assistant U.S. Attorney
     319 Washington Street
     Room 224, Penn Traffic Building
     Johnstown, PA 15901

AO 72
(Rev. 8/82)